WALTER F. WOODBURY *vs.* INHABITANTS OF KNOX.

Waldo.    Opinion February 22, 1883.

*School teacher. School agent. Superintending school committee. Stats. of 1871, c. 229; 1872, c. 87.*

Where a school agent acts for a year as such under color of his election, he is an agent *de facto*, and his contract with the teacher is sufficient to bind the town, though the meeting at which he was elected was not duly notified, and he was never sworn as agent.

When a town has not empowered district agents to employ teachers as provided by stats. of 1871, c. 229, and 1872, c. 87, the power to employ teachers is with the superintending school committee, under R. S., c. 11, § 54.

When the superintending school committee have the employment of teachers in a town, and they examine and give a certificate to a teacher employed by a district agent, and visit the school soon after the commencement and approve the teacher's management, their conduct was held to be a ratification of the teacher's employment.

When after one day's notice to the teacher, the superintending school committee visited the school and made a full examination into charges against the teacher, and the teacher and his witnesses were fully heard, and no objection was made by him for want of due notice, nor any request for delay or to be heard further, the teacher thereby waived any objection to the notice, if insufficient, and is not entitled to his wages for teaching after being notified by the committee of his dismissal as the result of such investigation.

ON REPORT.

Assumpsit on account annexed for services for teaching school in school district number six in the defendant town, ten weeks, at twenty-two dollars per month, fifty-five dollars. The bill annexed to writ was dated January 28, 1882; the writ, March 14, 1882. Plea, general issue.

The opinion states the material facts.

*F. W. Brown*, for the plaintiff.

*Thompson and Dunton*, for the defendants.

LIBBEY, J. The plaintiff was employed by S. W. Woodbury as agent, to teach the public school in district number six in Knox. He was duly examined by the superintending school committee of the town, and they gave him a certificate in due form, authorizing him to teach in that district. He claims to recover for his services for ten weeks.

The defendants set up several grounds of defence against his right to recover. It is necessary to notice the following only.

I. It does not appear that the district meeting at which S. W. Woodbury was chosen agent, was duly notified, nor that he was sworn as agent. Under color of his election he acted as agent during the year, and was at least agent *de facto*. That is sufficient to bind the town by his contract with the plaintiff.

II. It is claimed that, by law, the district agent had no power to employ a teacher without a special vote of the town at the annual meeting, conferring such power. By R. S., c. 11, § 54, the superintending school committee shall employ teachers for the several districts in the town, and notify the several school agents of the teachers employed and the compensation agreed to be paid. By act of 1871, c. 229, as amended by act of 1872, c. 87, a town at its annual meeting may empower the district agents to employ teachers instead of the superintending school committee; and the power thus granted shall continue until otherwise determined by vote of the town.

The plaintiff does not prove that the town ever passed such a vote, and hence fails to show that the agent had power to hire him; but the evidence authorizes the inference that the superintending school committee were informed of the employment before they examined the plaintiff and gave him a certificate, and that soon after the school was commenced they visited it and approved the plaintiff's management. We think this should be held a ratification of the plaintiff's employment by them if the town had not conferred the power on the agent. It was their duty to employ the teacher; we cannot presume that they neglected their duty.

III. It is claimed that the plaintiff was duly dismissed from the school by the committee, December 26, 1881; and it is

proved that such was the formal action of the committee. But the plaintiff replies that the action of the committee was not valid, because they did not give him due notice of the time when they would examine into the charges made against him; and because their action was fraudulent.

The committee caused the plaintiff to be notified on the twentieth of December that they would visit the school on the next day. He admits that he understood the purpose for which they were to make the visit, and he was prepared for the examination, having his friends and witnesses present. A full examination into the charges made against the teacher, was made by the committee on the twenty-first of December. The teacher and his witnesses were fully heard, no objection being made by him for want of due notice. He made no request for delay or to be heard further. The committee held the matter under consideration till the twenty-sixth when they gave the plaintiff his discharge. We think that if the notice was insufficient the plaintiff waived any objection to it, and it is too late for him now to raise that objection. Upon a careful examination of the evidence we are not satisfied that there was any fraud or improper conduct on the part of the committee in their action; and therefore the plaintiff had no authority to teach the school after December 26. For his services prior to that time he has a right to recover. But it nowhere appears in the case how long he had taught prior to that time.

The order therefore is,

> *Defendants defaulted. Damages to be assessed at nisi prius in accordance with the opinion.*

APPLETON, C. J., DANFORTH, VIRGIN, PETERS and SYMONDS, JJ., concurred.